**Opinion filed November 14, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00146-CV

_____

## IN THE INTEREST OF A.M.B. AND S.S.B., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E24031PC**

### M E M O R A N D U M   O P I N I O N

Appellant-Mother appeals the trial court's order terminating her parental rights to her children, A.M.B. and S.S.B.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2024).  We affirm the order of termination.[2]

---

[1]We use initials to refer to the children.  TEX. R. APP. P. 9.8(b).

[2]The children's father died while the case was pending, and before the trial court issued its final order.

The Department of Family and Protective Services (the Department) intervened on June 17, 2024, three days after twins A.M.B. and S.S.B. were born and tested positive for methamphetamines. Appellant admitted to using methamphetamine while pregnant. Appellant and her caseworker testified at the final termination hearing in May 2025. The evidence showed that Appellant did not complete any court-ordered requirements of her family plan of service aside from a psychological evaluation. Appellant never once submitted to drug testing while the case was pending, despite her caseworker's numerous directives to do so. She also did not attend a single parent-child visit.

The twins were born premature at twenty-nine weeks; A.M.B. spent the first six weeks of his life and S.S.B. spent the first three months of her life in the hospital's neonatal intensive care unit (NICU). The children receive ongoing treatment for feeding issues, reflux disease, retinopathy, complications due to exposure to syphilis, and have exhibited developmental delays. Their current foster parents are able to meet all their needs, and the children are "thriving" and "have a really good bond" with their foster parents. The Department recommended that the trial court terminate Appellant's parental rights because it was in the children's best interest to be adopted by their current foster parents.

The trial court found by clear and convincing evidence that Appellant endangered the children as set forth in Sections 161.001(b)(1)(D) and (E), constructively abandoned the children pursuant to Section 161.001(b)(1)(N), and failed to comply with the provisions of her court-ordered service plan under Section 161.001(b)(1)(O). *See* FAM. § 161.001(b)(1)(D), (E), (N), (O). The trial court further found that termination was in the children's best interest, and issued its

2

order terminating Appellant's parental rights to A.M.B. and S.S.B. *See id.* § 161.001(b)(2).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. Counsel certified to this court that Appellant was provided with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to the motion to withdraw, and to file a pro se brief. *See* Tex. R. App. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders*, *Schulman, and Kelly*. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit.

However, in light of the Texas Supreme Court's holding in *In re P.M.*, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.* at

27–28. In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.

> W. BRUCE WILLIAMS
> JUSTICE

November 14, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4